**UNITED STATES of America, Plaintiff,**

v.

**Thomas INKS, Defendant.**

**No. 87 CR 167.**

United States District Court, N.D. Illinois, E.D.

July 14, 1987.

Anton R. Valukas, U.S. Atty. by L. Felipe Sanchez, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Andrew B. Spiegel, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before this court are plaintiff's motion to admit evidence pursuant to Federal Rule of Evidence 404(b) and motion for reciprocal discovery, as well as defendant's five pretrial motions, including: (1) motion to dismiss for lack of jurisdiction; (2) motion in limine; (3) motion to require notice of intention to use other crimes, wrongs, or acts evidence; (4) motion for bill of particulars; and (5) motion for discovery. Each motion is addressed below.

### I. Defendant's Motion to Dismiss is Frivolous.

18 U.S.C. § 3231 confers jurisdiction upon this court for all offenses against the laws of the United States. Defendant argues that the government's indictment fails to allege that defendant is a person subject to the federal government's jurisdiction. This motion to dismiss for lack of jurisdiction is frivolous and therefore denied. *See United States v. Koliboski,* 732 F.2d 1328, 1329 (7th Cir.1984) (noting courts "too numerous to enumerate" have rejected similar assertions of lack of jurisdiction as silly).

### II. Defendant's Motion In Limine is Denied.

Defendant moves in limine for an order precluding the use of information relating to the filing practices of Constance Inks (defendant's former wife) and Primus Group, Inc. (defendant's former company). The government seeks to introduce such evidence to establish defendant's intent to commit the offenses charged. This evidence is relevant in that it may address defendant's wilfulness, a requisite element of the offenses charged. Consequently, defendant's motion in limine is denied.

III. *Defendant's Motion For An Order Requiring the Government to Give Notice of its Intention to Use Certain Evidence is Granted.*

Defendant's motion to require notice of intention to use other crimes, wrongs, or acts evidence is granted. However, insofar as this evidence is described within the government's motion to admit evidence of defendant's prior and subsequent similar acts pursuant to Federal Rule of Evidence 404(b), defendant's motion is moot.

IV. *Defendant's Motion for Bill of Particulars is Denied.*

■ Pursuant to Fed.R.Crim.P. 7(f), a court may order the filing of a bill of particulars whenever the indictment fails to sufficiently apprise the defendant of the charges in the indictment. *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir. 1981). In this court's discretion, given the noncomplexity of the offenses charged, the explicit indictment, and the amount of information already provided by the government to the defendant, the information requested in defendant's motion is unnecessary for the preparation of defendant's defense. Defendant's motion for a bill of particulars is denied.

V. *Defendant's Motion for Discovery is Granted in Part and Denied in Part.*

Defendant makes 12 discovery requests:

■ Defendant requests in paragraphs 1 and 2 transcripts which would require four to six weeks for the government to obtain. Defendant's tardy submission of pretrial motions, coupled with the delay in trial such a request would mandate, requires this court to deny the discovery requests in paragraphs 1 and 2.

Defendant's paragraph 3 discovery request for exculpatory or otherwise favorable material discoverable under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is granted. Should the government possess any information or material favorable to defendant, they are required to disclose such evidence.

Defendant's paragraph 4 discovery request for the names, addresses, and telephone numbers, as well as the statements of all witnesses pursuant to 18 U.S.C. § 3500 (1982) is granted. The government shall produce all such information to defendant prior to trial.

Defendant's paragraph 5 discovery request for summaries made by testifying tax experts is granted. The government indicates a willingness to comply with defendant's request.

Defendant's paragraphs 6, 7 and 8 discovery requests for internal government documents made in connection with the investigation or prosecution of this case are denied pursuant to Rule 16(a)(2) of the Federal Rules of Criminal Procedure.

The government denies the existence of any information regarding defendant's paragraphs 9 and 10 discovery requests for printed or electronic surveillance information concerning the defendant. Defendant's motion is moot as to these requests.

■ Defendant's paragraph 11 request for statements and documentary evidence which the government does not intend to use at trial is denied. Insofar as defendant makes no claim that such evidence is material to defendant's defense and the government does not intend to use such evidence, defendant's discovery request is beyond the scope of Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure.

■ Defendant's paragraph 12 discovery request for the government's intended usage of jurors' tax return information is denied. Defendant cites no authority to request such information and the government denies any intention of using such information.

VI. *Government's Request for Reciprocal Discovery is Granted.*

Pursuant to Federal Rules of Criminal Procedure 16(b)(1)(A), the government's motion for reciprocal discovery is granted. Defendant is required to provide the government before trial with copies of any documents or tangible objects which defendant intends to offer at trial, subject to the exceptions stipulated in Rule 16(b)(2).

### VII. *Government's Motion to Admit Evidence Pursuant to 404(b) is Granted.*

The government requests permission to introduce evidence of defendant's prior and subsequent similar acts pursuant to Federal Rule of Evidence 404(b). Such evidence is not admissible to prove the character of the defendant but may be admitted to establish proof of defendant's motive or intent to commit the charged crimes. Fed.R.Evid. 404(b). This court grants the government's motion but will admonish the jury that any evidence of defendant's prior or similar acts may only be considered as proof of the defendant's state of mind regarding the presently charged offenses.

### VIII. *Conclusion.*

For the foregoing reasons, plaintiff's motions for reciprocal discovery and admission of evidence under 404(b) are granted. Defendant's motion to dismiss, in limine, and bill of particulars are all denied. Defendant's motion to require notice of intention to use other crimes, wrongs, or acts evidence is granted. Defendant's motion for discovery is granted in part and denied in part.

IT IS SO ORDERED.